For these reasons, the judgment on the cross-petition of the trustee in bankruptcy is reversed and the cause remanded for further proceedings thereon.

*Judgment accordingly.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur.

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., of the First Appellate District, sitting by designation in the Eighth Appellate District.

MOWEN, APPELLEE, *v.* DE DARIO, APPELLANT.

(No. 4013—Decided April 1, 1947.)

*Mr. Richard T. Savage,* for appellee.
*Mr. David T. Keating,* for appellant.

By the Court. This cause is submitted on motion by the appellee for an order either (a) to dismiss this appeal, which is not from a final order or (b) that appellant be required to file a new bond in sufficient amount in accordance with the provisions of Section 12223-16, General Code.

The record discloses that on February 27, 1947, an entry was signed in the Common Pleas Court dismissing the appeal for want of prosecution. On March 3, 1947, the appellant filed a motion for a rehearing, which we consider is a motion for a new trial. To that application the appellee made reply asking the Court of Common Pleas to deny the application and to award damages to the appellee in accordance with the provisions of Section 12223-35, General Code. Such application and reply thereto are still pending in the Court of Common Pleas and have never been ruled upon. The notice of appeal is directed to the order of dismissal under date of February 27.

Since the motion for a rehearing is still pending in the Common Pleas Court, the order of dismissal of February 27 has not become a final order, and the notice of appeal was prematurely filed. See Section 12223-7, General Code.

The motion to dismiss is sustained and the costs of this appeal are to be taxed against the appellant.

*Motion sustained.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.